UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELVIN SHELTON,

        Plaintiff,

                              Case No. 25-cv-2009-pp

   v.

BISHOP HENRY WHIPPLE BUILDING,

        Defendant.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION (DKT. NO. 10), DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 13), DENYING AS MOOT PLAINTIFF'S MOTION TO DEFENDANT TO MAKE MORE CLEAR AND DEFINITE MOTION TO DISMISS (DKT. NO. 15), DENYING AS MOOT PLAINTIFF'S MOTIONS TO COMPEL (DKT. NO. 17, 18), DENYING AS MOOT PLAINTIFF'S MOTION FOR EMERGENCY ORDER (DKT. NO. 21), AND DISMISSING CASE**

---

On October 7, 2025, the plaintiff—who is representing himself—filed a complaint in Milwaukee County Circuit Court against the Bishop Henry Whipple Building Debt Management Center. Dkt. No. 1-1. In that complaint, the plaintiff disputed that he owes the defendant money, and alleges that the defendant is "intentionally now taking or theft of $117.00 a month of the Disability of [the plaintiff]." Id. at 4. The plaintiff alleged violations of the Fair Debt Collection Practices Act (FDCPA) and the Fourth, Thirteenth and Fourteenth Amendments, and raised state-law claims of battery and negligence. Id. at 2-5. He sought $450,000 in compensatory damages and $5,000 in attorney fees, and he asked the court to shut the defendant down for

1

two years and issue "a judgement [sic] for ten times the amount knowingly and intentionally causing hardship." <u>Id.</u> at 5-6.

On December 22, 2025, the defendant, through the United States Attorney's Office, filed a notice of removal to this federal court, and clarified that the defendant more properly should be designated as the United States Department of Veterans Affairs. Dkt. No. 1 at ¶2. According to the defendant, removal was proper under 28 U.S.C. §1442(a)(1) because the plaintiff had alleged that a federal agency wrongfully had asserted that the plaintiff owes a debt to the VA. <u>Id.</u>

Less than a month after the defendant had removed the case to federal court, the plaintiff filed demands for jury trials, dkt. nos. 4, 8, and interrogatories, dkt. nos. 5, 7. On January 26, 2026, the defendant filed a motion to dismiss, dkt. no. 10; in the supporting brief, the defendant argued that this is the fourth lawsuit the plaintiff has filed in which he alleges an error in the payment of benefits, and arguing that if the plaintiff wishes to dispute his veteran benefits payments, he must go through the review process specified by the Veterans' Judicial Review Act, dkt. no. 11 at 1. Three days later, the plaintiff filed a motion for default judgment, dkt. no. 13, followed by a motion "to make more clear and definite" the defendant's motion to dismiss, dkt. no. 15, two motions to compel, dkt. nos. 17, 18, and a motion for emergency order, dkt. no. 22.

2

Before the court addresses the defendant's motion to dismiss, it will clarify for the plaintiff why the court will not grant default judgment in his favor or require the defendant to amend its motion.

## I. Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 13)

The plaintiff asks the court to enter default judgment. Dkt. No. 13. Federal Rule of Civil Procedure 55 says that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The plaintiff has sought "affirmative relief" by filing a complaint against the defendant. But the defendant has not "failed to plead or otherwise defend," which means that the defendant is not "in default."

The case was removed to this federal court on December 22, 2025. Dkt. No. 1. Federal Rule of Civil Procedure 81(c)(2)(C) required the defendant to "answer or present other defenses or objections" within seven (7) days after the date the notice of removal was filed. On December 29, 2025—the seventh day after the notice of removal was filed—the defendant filed a motion asking this court to extend the time for the defendant to answer or present other defenses. Dkt. No. 2. The court granted that motion and extended the defendant's deadline for answering or otherwise responding to January 26, 2026. Dkt. No. 3. On that date, the defendant timely filed its motion to dismiss. Dkt. No. 10. The motion presents defenses—that the court lacks subject-matter jurisdiction and the complaint fails to state a claim for which a federal court may grant relief. Id. Because the defendant timely "present[ed] other defenses," the

3

defendant is not in default, which means that the plaintiff is not entitled to default judgment.[1]

## II. Plaintiff's Notice of Motion and Motion to Defendant to Make More Clear and Definite its Motion to Dismiss (Dkt. No. 15)

Three days after the defendant moved to dismiss, the court received from the plaintiff a motion to make more clear and definite "the elements, and essence for [the defendant's] argument and make clear and definite what this person/attorney is trying to say . . . ." Dkt. No. 15. The plaintiff adds that "conditional acceptance in a certified mail return showing in a March/27/2025 to the VA/Debt Management Center 372 Saint Peter St – St Paul, MN / Debt Management Center P.O. Box 11930 St Paul, MN 55111 1050 55102 were never responded to therefore Debt management agreed to pay said sum." Id.

The defendant's motion and six-page brief in support of the motion explain why the defendant believes this federal court lacks subject-matter jurisdiction. Dkt. No. 10 (motion), 11 at pp. 3-4 (brief). The defendant also explains why the doctrine of sovereign immunity bars the plaintiff's claims against the United States. Id. at 5-6. The court—which is responsible for deciding the motion—understands the defendant's arguments. There is no need for additional clarity or for a more definite statement, particularly when

---

[1] The plaintiff also did not follow the two-step procedure required by Fed. R. Civ. P. 55 for obtaining a default judgment. He did not first file a request seeking entry of default by the Clerk of Court; instead, he filed a document titled "Notice of Entry of Default Judgment." Dkt. No. 12. Because he did not request entry of default, the clerk did not enter default. So even if the defendant had defaulted—which it has not—the plaintiff would not be entitled to default judgment because no default has been entered.

the plaintiff has been provided with this same information in previous lawsuits. See Shelton v. Dep't. of Veterans Affairs, Case No. 15-cv-766, Dkt. No. 5 (government's motion to dismiss on grounds that the court lacks jurisdiction over cases challenging veterans' benefits determinations); Shelton v. Dep't of Veterans Affairs, *et al.*, Case No. 22-cv-1476, Dkt. No. 20 (order dismissing plaintiff's third attempt to sue the Department of Veterans Affairs for allegedly withholding the payment of his benefits).

## III.    Defendant's Motion to Dismiss (Dkt. No. 11)

### A.    Legal Standard

The defendant filed its motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss under Rule 12(b)(1) asserts that the federal court does not have subject-matter jurisdiction over the litigation. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction relates to the Court's "fundamental power to hear [a] case at all." Craig v. Ontario Corp., 543 F.3d 872, 877 (7th Cir. 2008). Dismissal under Rule 12(b)(1)—in other words, a finding that the federal court does not have subject-matter jurisdiction— renders all other arguments moot. See Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998).

A Rule 12(b)(6) motion asserts that the plaintiff has failed to state a claim for which a federal court may grant relief. To survive a Rule 12(b)(6) motion, "a plaintiff's complaint must contain allegations that plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." Kubiak v. City of Chicago, 810 F.3d 476, 480 (7th Cir. 2016) (citation modified).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Courts must construe a plaintiff's complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." Bell v. City of Chicago, 835 F.3d 736, 738 (7th Cir. 2016).

B.     The Complaint

The complaint alleges that the plaintiff is suing under the Fair Debt Collection Practices Act. Dkt. No. 1-1 at 2. It alleges that the Bishop Henry Whipple Building in St. Paul, Minnesota "can be sued under the Fair Debt Collection Practice[s] Act." Id. According to the complaint, 38 U.S.C. §5301 "involves the act of assigning or transferring benefits due to a beneficiary to another person," which the complaint says is prohibited by law. Id. The complaint says that this prohibition "is clear and applies to any agre[e]ment that transfers the right to receive such benefits." Id. The complaint alleges that "[t]he Element of Battery an act by a defendant (b) an intent to cause harm or an offense contact on the part of the defendant (c) harmful or offense contact to the plaintiff." Id.

The complaint describes the "issue" in the case as "WHETHER THE DEBT MANAGEMENT CENTER liable whereby before and after having obtained Title 38 USC sec. 5301 documents paramount evidence indicating [the plaintiff] owed no-one Brief Answer [yes][.]" Id. at 3. The rest of that page of the

6

complaint is comprised of the plaintiff's statement of his understanding of various laws. Id.

Under the section titled "STATEMENT OF CASE STATEMENT OF FACTS," the complaint alleges that the plaintiff never "went into contract with any debt management center." Id. It specifies that he "never went into contract with the Bishop Henry Whipple Building DMC Office 389 debt management center at P.O. Box 11980 – St Paul MN Debt management center." Id. at 4. It alleges that the defendant never served the plaintiff with a summons, never took him into court, never operated with any authority to be an accuser or a judge, never obtained a judgment, never obtained a writ of garnishment, never had the debt validated by its attorney and never presented copies of the checks that the plaintiff allegedly received or possessed the authority to declare that the plaintiff's mother received his checks. Id.

The complaint affirmatively alleges that the defendant was negligent, and that it "did create fraudulent document indicating [the plaintiff] owes certain sum at $34,615.65 of four seperate checks at $8,638.65 sent to [the plaintiff] and he owes the money[.]" Id. It says that the defendant did not have or obtain authority in 2018 "proclaiming that [the plaintiff's] Mother were paid as a dependent before her decease $8,853.83, but there is no proof of any such payment contrary to reemphasize title 38 USC sec. 5301." Id. It asserts that at no time after the plaintiff contacted the defendant by phone and by letter "why no amount is owed by [the plaintiff] and were affirmed by the debt management center according to the established records." Id. Finally, the complaint asserts

7

that on September 30, 2025, the defendant said "that $2,635.49 is the remaining balancing from $8,853.83 owed by [the plaintiff], there has been no lawsuit commenced in court by the debt management but instead recklessly, negligently, and intentionally now taking or theft of $117.00 a month of the Disability of [the plaintiff]." Id.

The complaint cites the Fourth, Thirteenth and Fourteenth Amendments and 38 U.S.C. §5301; it also mentions negligence and proximate cause. Id. at 5. It asks the court to award damages in the amount of $450,000 and attorney fees of $5,000, and to enter judgment "in a sum certain at $455.000,000." Id. It also says, "Alternative for the 'Debt management center be shut down by court order for two year and a judgement for ten times the amount knowingly and intentionally causing harship." Id. at 5-6.

C.      Parties' Arguments

The defendant moves to dismiss on two grounds: lack of subject-matter jurisdiction and sovereign immunity. Dkt. No. 11. As the defendant explains, this is the fourth case the plaintiff has filed in this district regarding his VA benefits. Id. at 1, n. 1 (citing Shelton v. Department of Veterans Affairs, Case No. 15-cv-766 (E.D. Wis.) (plaintiff voluntarily dismissed case after defendant filed a motion to dismiss); Shelton v. Department of Veterans Affairs, Case No. 19-cv-1617 (E.D. Wis.) (dismissed for failure to prosecute); Shelton v. Department of Veterans Affairs, Case No. 22-cv-1476 (E.D. Wis.) (court granted defendant's motion to dismiss).

The defendant first argues that the court lacks subject-matter jurisdiction. According to the defendant, the Veterans' Judicial Review Act precludes review by this court. Id. at 3. The complaint alleges that the Veterans Administration is withholding benefits because of a debt the plaintiff owed to the government. Id. (citing Dkt. No. 1-1). The defendant explains that under the Veterans' Judicial Review Act, the United States Court of Appeals for Veterans Claims reviews decisions regarding veterans' benefits. Id. (citing 38 U.S.C. §§7251, 7261). Id. If the plaintiff appeals that decision, the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction. Id. (citing 38 U.S.C. §§7292(a), (c), (d)(1)). The defendant argues that the Veterans' Judicial Review Act includes a general prohibition on judicial interference in "all questions of law and fact necessary to a decision . . . that affects the provision of benefits." Id. (quoting 38 U.S.C. §511(a)). It says that the plaintiff never has alleged that he met any of the requirements of the Veterans' Judicial Review Act. Id. at 4.

The defendant also alleges that the doctrine of sovereign immunity bars the plaintiff's claims because the United States cannot be sued without consent. Id. at 5. The defendant says that there must be a congressional waiver of sovereign immunity that is "unequivocally expressed." Id. (citing United States v. Mitchell, 463 U.S. 206, 212 (1983)). The defendant reasons that there is no "unequivocal waiver" and that courts have held that the Fair Debt Collection Practices Act does not contain a waiver of sovereign immunity. Id. (citing Nelson v. U.S. Dep't of Educ., 680 F. Supp. 2d 45, 47 (D.D.C. 2010);

9

<u>Wagstaff v. U.S. Dep't of Educ.</u>, 509 F.3d 661, 664 (5th Cir. 2007)). The defendant asserts that the plaintiff's constitutional claims are barred because the United States generally is immune with from suit for damages for constitutional torts. <u>Id.</u> (citing <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471 (1994)).

To the extent that the plaintiff alleges battery or negligence, the defendant explains that the plaintiff would need to bring such tort—personal injury—claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §2671 *et seq.* The defendant argues that a threshold requirement of the FTCA is the exhaustion of administrative remedies and points out that the plaintiff never has asserted that he first filed his claim administratively before proceeding to court. <u>Id.</u> at 6.

Rather than filing a response brief in the time allowed under the rules, the plaintiff has stated his position by filing motions, affidavits and a "reply" to the government. The plaintiff's filings show that he is disputing a debt allegedly owed to the Veteran's Administration. On February 10, 2026, the plaintiff filed an emergency motion to compel, asking the court to hold the defendant in contempt of law, and he attached a letter to the plaintiff from the Debt Management Center. Dkt. Nos. 17, 17-1. The January 27, 2026 letter—which the plaintiff received *after* he filed this case—states as follows:

> This letter concerns your Compensation debt of $8,853,83.
>
> The DMC has received your dispute. The DMC is routing your dispute to the regional office that created the overpayment. You will receive a separate letter from the regional office addressing the dispute. In the event your dispute is found to be warranted, the overpayment will be adjusted by the regional office and the DMC will proceed with collections within 60 days of their response if a balance

10

remains. In the event the overpayment is validated, the DMC will proceed with the proposed collections, as stated, on the initial notification of indebtedness, within 60 days.

If you have any further questions regarding your debt, Veterans and beneficiaries can securely message DMC and submit documents electronically using VA's Ask VA (AVA) system at https://ask.va.gov. To ensure proper routing, select category "Debts for benefit overpayments and health care copay bills". You may also contact our office by calling toll-free 1-800-827-0648 from 6:30 a.m. to 6:00 p.m. CT Monday through Friday.

A Veteran tool is also available to view your debt balances, repayment, and relief options. It provides a quick and easy way to manage your VA benefit debt in one convenient location. Veterans can access the tool at https://www.va.gov/manage-va-debt.

Id. at 1.

On March 6, 2026, the court received from the plaintiff a "reply" in which he states that "portions of his veterans disability has been wrongfully taken by the defendant while entered banking account the records do show or[ ]does money taken by defendant long[ ]before entering banking account." Dkt. No. 23 at 1-2. The plaintiff accuses the defendant of assuming that the court does not have jurisdiction. Id. at 2. He suggests that the government committed "fraud upon the court" by removing the case to federal court and then arguing that that federal court lacks jurisdiction. Id.

D.     Analysis

Liberally construing the plaintiff's allegations, as this court must at the pleading stage, the court concludes that the plaintiff is disputing that he owes a debt to the VA and he is challenging the VA's decision to withhold a portion of his benefits. Dkt. No. 1-1. The plaintiff says that he never had a contract with the defendant and that the defendant never had a judgment or order of

11

garnishment. <u>Id.</u> at 4. He alleges that the defendant failed to validate any debt and lacked the authority to claim that his mother received his benefits. <u>Id.</u> The plaintiff claims the defendant fraudulently calculated and improperly withheld the alleged debt. <u>Id.</u>

The plaintiff's claim falls under the ambit of the Veterans' Judicial Review Act. Section 511 of that act states that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary [of Veterans Affairs] under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. §511. With limited exceptions not applicable in this case, the Secretary's decision "shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." <u>Id.</u>.

The Veterans' Judicial Review Act divests this court of subject matter jurisdiction. <u>See</u> <u>Vaughn v. McDonough</u>, Appeal No. 22-3244, 2023 WL 4341456, * 1 (7th Cir. July 5, 2023) (affirming district court's ruling that it lacked jurisdiction over veteran's challenge to denial of disability claim). As the Seventh Circuit explained in <u>Vaughn</u>,

> The Veterans' Judicial Review Act establishes the exclusive review procedure through which veterans may challenge Veterans Affairs adjudication of their individual benefits claims. 38 U.S.C. § 511(a); *see Evans v. Greenfield Banking Co.*, 774 F.3d 1117, 1121 (7th Cir. 2014). The Court of Appeals for Veterans Claims, which sits separate from the Board, maintains "exclusive jurisdiction" to review Board decisions. 38 U.S.C. § 7252(a). Decisions from the Court of Appeals for Veterans Claims can then be appealed to the Federal Circuit. Id. § 7292(c). Vaughn may not do an "end-run around" these jurisdictional limits by cloaking his challenge in constitutional terms. *Evans*, 774 F.3d at 1124.

12

Id.

Like the plaintiff in Vaughn, the plaintiff here must comply with the review procedures through which veterans may challenge the adjudication of their benefits. The plaintiff cannot get around those procedures by reframing his claims as arising under the Constitution or state law if what he is challenging is the individual determination of his benefits. See id. There is nothing in the complaint or in any of the plaintiff's motions, affidavits or his reply to suggest that the plaintiff has a claim that this court can review. The court will dismiss the plaintiff's latest attempt to challenge the agency's determination of benefits because the court lacks subject-matter jurisdiction.

Even if the court had subject-matter jurisdiction, the doctrine of sovereign immunity bars judicial review of claims for monetary damages against the United States unless Congress has unequivocally expressed a waiver. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Courts have held that Congress did not waive sovereign immunity by enacting the FDCPA [Fair Debt Collection Practices Act]." See, *e.g.*, Ha v. U.S. Dep't of Educ., 680 F. Supp. 2d 45, 47 (D.D.C. 2010). The court acknowledges that the plaintiff has alleged both "battery" and "negligence" with respect to the handling of his benefits, and Congress has waived claims for certain torts committed under the Federal Tort Claims Act, 28 U.S.C. §1346(b). But this waiver is available only to those who have exhausted their administrative remedies with respect to the claim. The Smoke Shop, LLC v. United States, 761 F.3d 779, 786 (7th Cir. 2014); 28

13

U.S.C. §2675(a)). The plaintiff has not alleged that he first filed—and exhausted—any administrative claim.

## IV.     Conclusion

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 10.

The court **ORDERS** that this case is **DISMISSED** for lack of subject-matter jurisdiction. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion to make more clear and definite defendant's motion to dismiss.  Dkt. No. 15.

The court **DENIES AS MOOT** the plaintiff's motion for default judgment, Dkt. No. 13.

The court **DENIES AS MOOT** the plaintiff's motions to compel. Dkt. Nos. 17, 18.

The court **DENIES AS MOOT** the plaintiff's motion for emergency order. Dkt. No. 21.

Dated in Milwaukee, Wisconsin this 15th day of July, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

14